IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **CLYDE P. WILLIAMS, III** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 3:18-cv-00082 |
| | § | |
| **CITIMORTGAGE, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## NOTICE OF REMOVAL

CitiMortgage, Inc. (**CMI**) removes the action Clyde P. Williams, III filed in the 122nd Judicial District of Galveston County, Texas, Cause No. 18-CV-0268 under 28 U.S.C. §§ 1332 and 1441 for the reasons explained below.

### I. STATEMENT OF THE CASE

On March 5, 2018, plaintiff commenced a lawsuit in the 122nd Judicial District of Galveston County, styled *Clyde P. Williams, III v. CitiMortgage, Inc.* as Cause No. 18-cv-0268 (**state court action**).[1] Plaintiff filed this action to stop a foreclosure sale. Plaintiff's specific causes of action is for improper acceleration of the loan.[2] In addition, plaintiff seeks injunctive relief, attorneys' fees, pre-actual and exemplary damages, pre-judgment and post-judgment interest.[3]

---

[1] A copy of Plaintiff's Original Petition, Application for Temporary Restraining Order and Temporary Injunction and Request for Disclosures is attached as **Exhibit 1**.
[2] *See* Pet. ¶¶ 14-17.
[3] *See* Pet. ¶¶ 18-19, 23-27, Prayer.

## II.  BASIS FOR DIVERSITY JURISDICTION

The Court may exercise diversity jurisdiction pursuant to 28 USC § 1332(a) because the parties are completely diverse and the amount in controversy exceeds $75,000.  *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

**A.     The Parties are Citizens of Different States.**

Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co.*, 546 U.S. at 84.  The citizenship of the parties is completely diverse:

Plaintiff is a citizen of the State of Texas because he states he is a natural resident living in the home at 3007 Sea Pines Place, League City, TX 77573.[4]  *See Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797-98 (5th Cir. 2007).

CMI has been and continues to be a New York corporation with its principal place of business located in O'Fallon, Missouri.  Therefore, for purposes of this removal, CMI is a citizen of New York and Missouri.  *See* 28 USC § 1332(c)(1).

**B.     The Amount in Controversy Exceeds $75,000.**

When a defendant seeks removal on the basis of diversity jurisdiction, the amount in controversy may be established by the specific "good faith" sum demanded by the plaintiff in the state court petition.  *See* 28 USC § 1446(c)(2).  If the plaintiff does not state the amount of damages he or she seeks, the burden falls on the defendant seeking removal to prove the value of the plaintiff's claims.  *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).  In those instances, the removing defendant must "establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  This requirement can be satisfied if the defendant

---

[4] *See* Pet. ¶ 1; Parties.

shows: "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Id*. (citing *Simon v. Wal–Mart Stores, Inc.,* 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995)).

"In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (per curiam); *see also Nationstar Mortg., LLC v. Knox*, 351 Fed. App'x 844, 848 (5th Cir. 2009) ("[w]hen . . . a right to property is called into question in its entirety, the value of the property controls the amount in controversy") (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961)). The object of this litigation—the property—is currently appraised at $311,990.00 by the Galveston County Central Appraisal District.[5] The amount in controversy exceeds $75,000 and the court may exercise diversity jurisdiction over this action.

### III. THE PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED

This case is being timely removed within 30 days of service of process. Only "formal service of process" triggers this thirty-day time period; mere "receipt of actual notice of the complaint through informal channels" does not. *City of Clarksdale v. Bell-South Telecomms., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-348 (1999)). Venue is proper in this court because the United States District Court for the Southern District of Texas embraces the place in which the state court action was pending. 28 USC § 1441(a). Notice has been sent to the state court regarding the

---

[5] *See* Galveston CAD – Property Details, **Exhibit 11**.

removal of this action. Pursuant to 28 USC § 1446(a), a true and correct copy of all of the process, pleadings, and orders on file in the state court action are attached as **Exhibits 1-8.**

## IV.  CONCLUSION

The Court may exercise diversity jurisdiction over this action because the parties are completely diverse and the amount in controversy exceeds $75,000.

Date: March 20, 2018                             Respectfully submitted,

>  */s/  Andrew D. Thomas*
> Andrew D. Thomas, SBN: 24060714
> andrew.thomas@akerman.com
> *Attorney in Charge*
> C. Charles Townsend, SBN: 24028053
> charles.townsend@akerman.com
> *Of Counsel*
> Alan F. Arnold, SBN: 24064834
> alan.arnold@akerman.com
> AKERMAN LLP
> 2001 Ross Avenue, Suite 3600
> Dallas, Texas 75201
> Telephone: 214.720.4300
> Facsimile:  214.981.9339
>
> **ATTORNEYS FOR DEFENDANT CITIMORTGAGE, INC.**

## CERTIFICATE OF SERVICE

      I hereby certify that on March 20, 2018, a true and correct copy of the foregoing was served as follows:

**VIA TEXFILE**
**and CERTIFIED MAIL / RRR**
**NO. 9414 7266 9904 2092 0145 71**
Robert "Chip" C. Lane
Matthew W. Bourda
The Lane Law Firm, P.L.L.C.
6200 Savoy Drive, Suite 1150
Houston, Texas 77036
chip.lane@lanelaw.com
matt.bourda@lanelaw.com

*Counsel for Plaintiff*

                                      */s/   Andrew D. Thomas*
                                      Andrew D. Thomas